THE STATE *versus* SAVAGE *& al.*

An indictment, alleging the breaking and entering *into* and stealing *within*, " a building," (without stating that it was a building in which goods, merchandize or any valuable thing was kept for use, sale or deposit,) charges, not a compound, but a simple larceny.

EXCEPTIONS from the District Court, RICE, J.

Indictment, charging that defendants, Dec. 1, 1850, " the

wooden building of one Harrison Jaquith, in the night time, did break and enter, and five bushels of wheat, &c. of the goods and chattels of the said Harrison Jaquith, then and there in the building aforesaid being found, feloniously did steal, take and carry away in the shop aforesaid."

The verdict was against the defendants. They then moved in arrest of judgment, because the indictment does not allege that the wooden building was "a building in which goods, merchandize or any valuable thing was kept for use, sale or deposit. The motion was overruled. The defendants filed exceptions to many of the rulings given at the trial, and also to the overruling of the motion.

*Lancaster & Baker*, for the defendants.

*Vose*, County Attorney, for the State.

TENNEY, J., orally. — For reasons given in the case, *State* v. *Wing*, ante, page 581, the exceptions to the rulings at the trial do not come up for consideration. The only question, then, arises upon the motion in arrest of judgment.

It is said the grand jury intended to indict for a compound larceny, under the statute, chap. 156, sect. 2, which provides against the breaking and entering into, and stealing within any building, in which goods, merchandize or any valuable thing is kept for use, sale or deposit; and that, while the proof shows the building to have contained the goods, the indictment is defective in not setting forth that it was a building of that description.

The statute intended to throw around buildings, usually occupied for holding goods, a stronger protection than was deemed necessary for some other classes of buildings. But it does not appear that this building was designed and kept for such a purpose. It might have been a mere shed, into which the articles were placed for a night, to avoid exposure to the weather.

The indictment therefore does not sufficiently charge a compound larceny. It does however sufficiently charge a simple larceny, and the motion in arrest must be overruled.